UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:21-cr-00263 JLT SKO |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) |
| v. | |
| TRAVIS CHRISTIAN GOBER, | (Doc. 57) |
| Defendant. | |

Travis Christian Gober is a federal prisoner seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his extraordinary family circumstances. (Doc. 57.) The Office of the Federal Defender declined to supplement Defendant's motion. (*See* Doc. 59.) The Government opposes the motion, contending that Defendant does not satisfy the "extraordinary and compelling" standard applicable to his request. (Doc. 60.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

**I.     Background**

In September 2023, Defendant pled guilty to one count of health care fraud in violation of 18 U.S.C. § 1347 (Count 10) and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count 12). (Doc. 37.) In advance of sentencing, the probation officer filed a Presentence Investigation Report. (PSR, Doc. 45.) For Count 10, the PSR assigned a total offense level of 15, which included a 14-level enhancement based on an intended loss amount

1

exceeding $1.5 million; a 2-level reduction based on Defendant's status as a Zero-Point Offender; and a 3-level reduction for acceptance of responsibility. (PSR ¶¶ 20-28.) Defendant's criminal history score was 4. (*See* PSR ¶¶ 36-38.) This placed him in criminal history category I and resulted in an advisory sentencing guideline range of 18-24 months.[1] (PSR ¶ 38.)

At the sentencing hearing, the Court adopted the findings in the PSR without change and varied downward for the reasons stated in Section VI of the Statement of Reasons. (SOR at 1-3.) Defendant was sentenced to 19 months in custody followed by a 36-month term of supervised release and was ordered to pay $533,000 in restitution. (Doc. 52.) Defendant is currently incarcerated at Federal Correctional Institution Lompoc II. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited October 20, 2025). His projected release date is May 22, 2026. *Id.*

## II.     Legal Standard

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018, a defendant, or the Director of the Bureau of Prisons on the defendant's behalf, may move for a sentence reduction in the district court. 18 U.S.C. § 3582(c)(1)(A). Upon such motion,

> district courts may reduce [a defendant's] term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) "extraordinary and compelling reasons" warrant a sentence reduction; (3) a sentence reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a).

*United States v. Chen*, 48 F.4th 1092, 1094-95 (9th Cir. 2022). "Although a district court must

---

[1] These sections do not apply to Count 12. The PSR clarified: "The guideline for a violation of 18 U.S.C. § 1028A is USSG §2B1.6. The guideline sentence is the term of imprisonment required by statute. Chapters Three (Adjustments) and Four (Criminal History and Criminal Livelihood) shall not apply to this count of conviction." (PSR ¶ 29, citing U.S.S.G. § 2B1.6(a).)

2

conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (citing *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021)). The defendant bears the burden of "establish[ing] his eligibility for compassionate release." *Wright*, 46 F.4th at 951.

In 2023, the U.S. Sentencing Commission issued an amended policy statement outlining the circumstances under which "extraordinary and compelling reasons" exist to reduce a defendant's sentence. *See* U.S. Sent'g Guidelines Manual (U.S.S.G.) §§ 1B1.13(b)(1)-(6) (U.S. Sent'g Comm'n 2023). These include the defendant's medical circumstances, age and other related factors, family circumstances, victimization, unusually long sentence, or "other reasons." *Id*. A defendant must show, and the Court must consider, "extraordinary and compelling reasons" according to the current version of U.S.S.G. § 1B1.13. *See United States v. Arcila*, 716 F. Supp. 3d 1052, 1055 (D. Or. 2024), *reconsideration denied*, 2024 WL 2048643 (D. Or. May 6, 2024); *see also United States v. Neal*, 2024 WL 1886476, at *2 n.2 (E.D. Cal. Apr. 30, 2024).[2]

## III. Discussion and Analysis

### A. Administrative Exhaustion

Section 3582(c) permits a defendant to apply to a federal district court for a sentence modification only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Defendant claims that he submitted a request for compassionate release to the Warden of

---

[2] Before the November 2023 amendments, the Ninth Circuit held that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The Ninth Circuit has not yet issued an opinion as to whether the recently amended § 1B1.13 is binding, but several district courts within this Circuit have treated it as such. *See, e.g., United States v. Neal*, 2024 WL 1886476, at *2 n.2 (E.D. Cal. Apr. 30, 2024) (collecting cases and concluding that "the current version of § 1B1.13 is binding"); *United States v. Naki*, 2024 WL 4145638, at *3 (D. Haw. Sept. 11, 2024) ("Since the amendments, *Aruda* is no longer good law to the extent that it held that the policy statements of the United States Sentencing Commission are not binding on motions for compassionate release.").

his BOP institution on May 5, 2025, and that as of July 9, 2025, he had not received a response. (Doc. 57 at 3.) Because more than 30 days have passed since Defendant filed his administrative request, the Court finds that he has satisfied the exhaustion requirement under § 3582(c)(1)(A). *See United States v. Portillo*, 2023 WL 5955999, at *1 (E.D. Cal. Sept. 13, 2023) (finding that because more than 30 days had elapsed since defendant filed his request to the warden for compassionate release, he satisfied the exhaustion requirement). The government does not contest this. Thus, the Court will address the merits of Defendant's motion.

## B.    Extraordinary and Compelling Reasons

To be eligible for relief, a defendant must show, and a court must consider, "extraordinary and compelling reasons" according to the current version of the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13. *See United States v. Arcila*, 716 F. Supp. 3d 1052, 1055 (D. Or. 2024), *reconsideration denied*, 2024 WL 2048643 (D. Or. May 6, 2024); *see also United States v. Neal*, 2024 WL 1886476, at *2 n.2 (E.D. Cal. Apr. 30, 2024).[3] As part of this inquiry, the court considers a defendant's medical circumstances, age and other related factors, family circumstances, victimization, unusually long sentence, or "other reasons." *See generally* U.S.S.G. § 1B1.13(b)(1)-(6) (effective Nov. 1, 2023).

The U.S. Sentencing Guidelines establish that extraordinary and compelling reasons may exist for compassionate release based on the following family circumstances:

> **(A)**  The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> **(B)**  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver

---

[3] Prior to the November 2023 amendments, the Ninth Circuit held that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). However, the Ninth Circuit recently held that in 2023, "having regained a quorum, the Commission revised § 1B1.13 to govern motions by a defendant." *United States v. Bryant*, 144 F.4th 1119, 1124 (9th Cir. 2025) (citing Notice, Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254, 28,256 (May 3, 2023)). "Now, courts are 'bound by' § 1B1.13 in deciding all compassionate release motions under § 3582(c)(1)(A)." *Id.* (citing *Chen*, 48 F.4th at 1098; *Concepcion v. United States*, 597 U.S. 481, 495 (2022)). The Court clarified that "*Aruda* has therefore been superseded to the extent that it sets out a different rule for motions filed by defendants after the effective date of the 2023 revisions to § 1B1.13." *Id*. n.1.

> for the spouse or registered partner.
>
> **(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3).

Invoking §§ 1B1.13(b)(3)(A) and (B), Defendant argues that he qualifies for relief under 18 U.S.C. § 3582(c)(1)(A) and a time served sentence because his wife, Bambi, has become incapacitated, which has limited her ability to care for herself and her minor child. He offers the following explanation:

> The caregiver of a minor child has become incapacitated. My wife has a degenerative eye disorder called RP. Retinitis Pigmentosa. Which is a member of a group of genetic disorders called inherits [sic] retinal dystrophy (IRD) that causes loss of Vision. Symptoms include [sic] trouble seeing at night and decreasing peripheral vision (side and upper or lower visual field). As peripheral vision worsens, people may experience "Tunnel vision". With RP, you have vision loss in the following ways, Loss of night Vision, and takes longer to adjust to darkness. You may stumble over objects, or have trouble driving after-dusk and at night due to difficulty with light adjustment. This is all stated in my PSR. My wife currently is low vision which is, little to no peripheral vision, no night vision, and diminished depth perception. All of these factors make daily task extremely to impossible to function solely. Such as employment, driving, and normal upkeep of the household. We have a minor child living in the home.

(Doc. 57 at 6.) Defendant also claims that his wife has become incapacitated due to pregnancy, which requires bed rest "to prevent loss of pregnancy per physician." (*Id.*)

Though the Court is sympathetic to the strain Defendant's actions have placed on his family, he has not offered any evidence to suggest that Bambi is in need of a caregiver or is unable to care for herself or her minor child; that is, he has not established that his wife is incapacitated.

Moreover, the Court was aware of Bambi's degenerative eye disorder when Defendant

was sentenced, which Defendant acknowledges in his motion. (*See* Doc. 57 at 6; PSR ¶ 46 ["Bambi suffers from degenerative eye disorder and is slowly going blind. She has been unable to work as a registered nurse for over 10 years and is unable to drive at night."].) In fact, the probation officer relied on Bambi's disorder as one of the mitigating factors in recommending a low-end guideline sentence. (*See* Doc. 45-1 at 2 ["Mitigating factors to consider are … his spouse reportedly suffers from a degenerative eye disorder and is unable to work and drive at night."].)

Finally, even assuming Bambi is incapacitated, Defendant has not offered any evidence to support his bare assertion that he is the only available caregiver. For instance, he does not provide any information about Bambi's two adult children, who live either with Bambi or in the Fresno area. (*See* Doc. 57 at 9; PSR ¶ 46.) In sum, the record before the Court does not demonstrate that Defendant's family circumstances satisfy the requirements of U.S.S.G. §§ 1B1.13(b)(3)(A) or (B). Therefore, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The Court does not consider the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 827.

**IV.    Conclusion and Order**

Based upon the foregoing, Defendant's motion for a sentence reduction (Doc. 57) is **DENIED**.

IT IS SO ORDERED.

Dated:    **October 22, 2025**

_____
UNITED STATES DISTRICT JUDGE

6